# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DENNIS LYNN LOPEZ,

                  Petitioner,

    v.

P. L. VASQUEZ,

                  Respondent.

_____/

1: 05 CV 01436 OWW WMW HC

FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

[Doc. 9]

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

## PROCEDURAL HISTORY

Pursuant to judgment entered in Kern County Superior Court on January 7, 1998, Petitioner was convicted of felon in possession of a firearm, plus two on-year enhancements pursuant to California Penal Code Section 667.5(b).  The trial court sentenced Petitioner to an indeterminate

1  prison term of twenty-five years to life.

2        Petitioner filed a direct appeal from his conviction.  The California Court of Appeal affirmed

3  his conviction on August 27, 1999.  Petitioner filed a petition for review with the California Supreme

4  Court, which the court denied on November 17, 1999.  Petitioner's conviction then became final on

5  February 15, 2000, following the expiration of the ninety day time period to file a petition for writ of

6  certiorari with the United States Supreme Court.  Bown v. Roe, 188 F.3d 1157 (9th Cir. 1999).

7        On December 31, 2000, Petitioner filed his first state habeas corpus petition in the Kern

8  County Superior Court.   The court denied his petition on January 2, 2001.

9        On June 6, 2002, Petitioner filed a second habeas corpus petition in Kern County Superior

10  Court.  The court denied the petition on June 21, 2002.

11        Petitioner filed a third habeas corpus petition in Kern County Superior Court on March 15,

12  2004.  The court denied the petition on April 5, 2004.

13        Petitioner filed a habeas corpus  petition in the Court of Appeal on April 15, 2004.  The court

14  denied the petition on April 22, 2004.

15        Petitioner filed a habeas corpus  petition in the California Supreme Court on June 25, 2004.

16  The court denied the petition on May 11, 2005.

17        Petitioner filed the present habeas corpus petition in this court on November 15, 2005.

18

19                              **LEGAL STANDARD**

20  JURISDICTION

21        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

22  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

23  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

24  1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

25  the United States Constitution.  In addition, the conviction challenged arises out of the Kern County

26  Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).

27  Accordingly, the court has jurisdiction over the action.

28        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

2   Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

3   586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

4   F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

5   *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

6   to cases filed after statute's enactment).   The instant petition was filed after the enactment of the

7   AEDPA, thus it is governed by its provisions.

8   STANDARD OF REVIEW

9       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

10  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

11  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

12      The AEDPA altered the standard of review that a federal habeas court must apply with

13  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

14  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

15  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

16  involved an unreasonable application of, clearly established Federal law, as determined by the

17  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

18  determination of the facts in light of the evidence presented in the State Court proceeding." 28

19  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

20  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

21  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

22  concludes in its independent judgment that the relevant state-court decision applied clearly

23  established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

24  that application must be objectively unreasonable."  Id. (citations omitted).

25      While habeas corpus relief is an important instrument to assure that individuals are

26  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

27  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

28  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

1   Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

2   determinations must be presumed correct, and the federal court must accept all factual findings made

3   by the state court unless the petitioner can rebut "the presumption of correctness by clear and

4   convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

5   (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

6   1388 (9th Cir. 1997).

7

8                                             **DISCUSSION**

9          Respondent moves to dismiss this petition on the ground that it is untimely.  Petitioner has

10  not responded to the motion to dismiss.

11         The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

12  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

13  (d) reads:

14         (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court.  The
15     limitation period shall run from the latest of –

16         (A) the date on which the judgment became final by the conclusion of direct
       review or the expiration of the time for seeking such review;
17
           (B) the date on which the impediment to filing an application created by
18     State action in violation of the Constitution or laws of the United States is removed, if
       the applicant was prevented from filing by such State action;
19
           (C) the date on which the constitutional right asserted was initially recognized by
20     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
       retroactively applicable to cases on collateral review; or
21
           (D) the date on which the factual predicate of the claim or claims presented
22     could have been discovered through the exercise of due diligence.

23         (2) The time during which a properly filed application for State post-conviction or
       other collateral review with respect to the pertinent judgment or claim is pending shall
24     not be counted toward any period of limitation under this subsection.

25  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State
       post-conviction or other collateral review with respect to the pertinent judgment or claim is pending
26  shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Nino v.
       Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state
27  habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

28

challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).

In this case, the statute of limitations began running on February 16, 2000, and ran until Petitioner filed his first state habeas corpus petition on December 13, 2000.  At that time, 302 of the 365 day limitation period  had expired.  The statute of limitations was tolled during the time the first habeas corpus petition was pending.  See  28 U.S.C. § 2244(d)(2).   The statute of limitations period began running again after January 2, 2001, when the court denied his first state habeas petition.   The running of statute of limitations was not tolled during the time between the filing of the first and second state habeas petitions because Petitioner was not ascending the state court hierarchy. Statutory tolling is inapplicable to periods between petitions, such as Petitioner's successive petitions in the Superior Court, that do not form part of a progressive series from the Superior Court, to the Court of Appeal, to the California Supreme Court. See Dils v. Small, 260 F.3d 984 (9th Cir.2001) (holding that statute of limitations is not tolled during gap between successive state habeas petitions filed to the state's highest court); see also Nino v. Galaza, 183 F.3d at 1003, 1006-07 (9th Cir. 1999); Saffold v. Newland, 250 F.3d 1262 (9th Cir.2000); Welch v. Newland, 267 F.3d 1013 (9th Cir.2001).   The statute of limitations therefore expired on March 10, 2001, long before Petitioner filed his second state habeas petition on June 6, 2002. Thus, absent equitable tolling, the present petition for writ of habeas corpus is barred by the statute of limitations.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds*

---

[1]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

by, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), citing Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

In this case, Petitioner did not respond to Respondent's motion to dismiss, so did not present an argument for equitable tolling in such a response. The court's review of the petition also does not reveal a basis for equitable tolling. The court must therefore conclude that this action is barred by the statute of limitations.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)      that Respondent's motion to dismiss be GRANTED;

2)      that this petition for writ of habeas corpus be dismissed as barred by the statute of limitations;

3)      that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 14, 2008**      _____/s/  William M. Wunderlich_____
                                    UNITED STATES MAGISTRATE JUDGE